**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**UNITED STATES OF AMERICA**

**v.**                            **CRIMINAL NO: 4:15-cr-00073-DMB-JMV**

**DERRICK JONES, a/k/a, "Dcaine"**

**RESPONSE TO DEFENDANT JONES'S MOTION TO RECONSIDER [504]**
**GRANTING GOVERNMENT'S MOTIONS IN LIMINE**

The United States of America, by Robert H. Norman, acting United States Attorney for the Northern District of Mississippi, through Clyde McGee IV, Assistant United States Attorney, responds to Jones' Motion for Reconsideration [504] of this Court's Order Granting Motions in Limine as follows:

1.     On February 22, 2016, the Government filed three motions in limine to: (1) "Require Proper Opening and Closing Statements," Doc. #135; (2) "Preclude Improper Cross-Examination with Agent Interview Reports," Doc. #136; and (3) "Preclude Evidence or Argument Regarding Alleged Selective Prosecution and Constitutionality of Evidence or Prosecution," Doc. #137.

2.     The Court held a hearing on the motions on April 14, 2016, and granted said motions on April 19, 2016.

3.     Jones first opines that these motions in limine should not be granted in advance of trial. Jones states that "[a]rgument may be appropriate in one context, but not in another." He concludes the motions are premature.

4.     Next, Jones avers that the Court's Order lacks explanation or guidelines for counsel to follow.

5. At the outset, the Court held a hearing on these motions, which was prior to Defendant's Jones entering the case. In the hearing, the Court heard arguments and ruled on each motion with discussion of each ruling.

*Motion in Limine to Require Proper Opening and Closing Statements*

6. Specifically, Jones poses numerous questions concerning the Motion in Limine to Require Proper Opening and Closing Statements. Jones claims it is impossible to police such an Order given opposing counsels have very different opinions of what the proof will show. Notably, Jones cites no authority as to why the motion should be denied. For this reason alone, the Court should deny Jones's motion to reconsider.

7. Opening statement is not an occasion for argument. United States v. Dinitz, 424 U.S. 600, 612 (1976) (Burger, C.J., Concurring). Opening statement is to present a framework to the jury not susceptible of proof but intended to influence the jury in reaching a verdict. Id; see also United States v. Breedlove, 576 F.2d 57, 60 (5th Cir. 1978) (Court stated that purpose of opening statement is to tell jury what the case is about and to outline proof). Likewise, counsel may not argue personal opinion and belief during the closing statements. United States v. Bess, 593 F.2d 749, 753 (6th Cir. 1979). As such, Jones's motion for reconsideration should be denied for failure to cite any authority. If the court considers the motion's merits, it should nonetheless deny the motion.

*Motion to Preclude Improper Cross-Examination with Agent Interview Reports*

8. Jones next argues that the government is attempting to insulate its witnesses from cross-examination. Again, Jones cites no authority for his proposition. His motion for reconsideration should be denied for this reason alone. Nonetheless, Jones' argument also fails on its merits.

9.    The Supreme Court of the United States addressed a similar issue: "[I]t was felt to be grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be seen to be the witness's own rather than the product of the investigator's selections, interpretations, and interpolations." Palermo v. United States, 360 U.S. 343, 350 (1959); see also Goldberg v. United States, 425 U.S. 94, 127-28 (1976) (Powell, J., concurring) (because trial testimony rarely conforms precisely to what a witness has said earlier, it is unfair to question the witness regarding any earlier statement that is not unquestionably his).    This Court's order is in accord with Supreme Court case law and does nothing to prevent proper cross-examination of Government witnesses.    The motion to reconsider should be denied.

*Motion in Limine to Preclude Evidence or Argument Regarding Alleged Selective Prosecution and Constitutionality of Evidence or Prosecution*

10.    Jones argues that the motion is premature and "the evidence may support a racially motivated prosecution."   Jones further alleges that evidence may support an argument that innocent defendants were targeted for some other illegal or unconstitutional reason.   Again, Jones's serious allegations are not supported by any evidence. Furthermore, Jones cited no case in support of his position that such evidence, if somehow proven, would be admissible.   The Government, however, has cited cases to the contrary.

11.    Arguments of selective prosecution are not proper in front of a jury.   United States v. Armstrong, 517 U.S. 456, 463 (1996) ("[a] selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution.").   This rule applies to claims of vindictive, as well as selective prosecution.   Prosecutorial vindictiveness may occur when the government penalizes a defendant for invoking legally protected rights.   United States v. Molina-Iguado, 894

4

F.2d 1452 (5th Cir. 1990). The claim requires two showings: 1) Defendants must make a "prima facie showing that [they have] been singled out for prosecution but others similarly situated of a different race were not prosecuted." United States v. Webster, 162 F.3d 308, 333 (5th Cir. 1998); 2) Defendants must establish "the discriminatory selection of [them] for prosecution is invidious or in bad faith, in that it rests on such impermissible considerations as race, religion, or the desire to prevent [their] exercise of [their] constitutional rights." Id.

12. Both claims challenge the institution of the prosecution, and accordingly, should be submitted to the Court, not the jury, through a pretrial motion. "A selective prosecution claim is not a defense on the merits to the criminal charge, but instead, an independent claim that the prosecutor brought a charge for reasons forbidden by the Constitution." United States v. Abdelaziz, No. SA05CR00613 (22) WRF, 2008 WL 2368119, at *1 (W.D. Tex. May 21, 2008); see also United States v. Dufresne, 58 F. App'x 890, 895 (3d Cir. 2003) (unpublished) (affirming, on the basis of Berrigan, district court ruling precluding presentation of a vindictive prosecution claim to the jury; the defendant asserted that he was prosecuted because he refused to cooperate with the government).

13. It is appropriate for the Court to preclude any argument or evidence at trial challenging the motive for the prosecution. See, e.g., United States v. Cardarella, 2007 WL 2507751 (W.D. Mo. Aug. 30, 2007) (granting motion *in limine* to preclude arguments and evidence stating claim of vindictive and selective prosecution based on political affiliation); see also United States v. DeLuca, 2001 WL 1654770, at *3 (N.D. Ill. 2001) (granting government motion in limine

precluding the defendant from arguing or presenting evidence designed to elicit jury nullification); United States v. Sloan, 704 F. Supp. 880, 884 (N.D. Ind. 1989) (same).[1]

14.     Any claim that a defendant is being improperly singled out for prosecution is inadmissible before the jury. Moreover, any argument regarding constitutionality of the defendants' rights is likewise inadmissible before the jury.   The arguments and evidence before the jury should be limited to the issue of whether or not each defendant is guilty of the charged offenses.

*Conclusion*

15.     In sum, Jones failed to cite a single authority in support of his motion; therefore, the motion should be denied.   Regardless, the motion fails on its merits and is contrary to established precedent.   The motion to reconsider should be denied.

This, the 17th day of May, 2017.

Respectfully submitted,

ROBERT H. NORMAN
Acting United States Attorney


By:/s/ Clyde McGee
    CLYDE McGEE
    Assistant United States Attorney
    MS BAR NO. 102229
    900 Jefferson Avenue
    Oxford, MS   38655
    Telephone:   (662) 234-3351
    Facsimile:   (662) 234-0657

---

[1]  This rule does not apply to cross-examination of a particular witness with regard to the witness' bias.   Conceivably, a witness could be challenged based on the argument that he himself is biased due to some political or other animosity.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused to be filed in the Clerk's electronic filing system a true

and correct copy of the Government's Response to Jones's Motion for Reconsideration.

/s/ Clyde McGee
CLYDE McGEE
Assistant United States Attorney