1              UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF MISSISSIPPI

2

3   UNITED STATES OF AMERICA,        )
                                     )
4            Plaintiff,              )      CASE NO. 4:15CR73
                                     )
5            vs.                     )
                                     )
6   DERRICK JONES,                   )
                                     )
7            Defendant.              )
    _____

8

9            WAIVER OF INDICTMENT / FILING OF INFORMATION
             AND PLEA TO COUNT 1 OF THE INFORMATION
10                          AND
             CHANGE OF PLEA AS TO COUNT 1 OF THE
11            FOURTH SUPERSEDING INDICTMENT
             BEFORE DISTRICT JUDGE DEBRA M. BROWN
12            THURSDAY, JULY 20, 2017; 2:00 P.M.
                  GREENVILLE, MISSISSIPPI

13
    FOR THE GOVERNMENT:
14
        United States Attorney's Office
15      CLYDE MCGEE, ESQ.
        900 Jefferson Avenue
16      Oxford, Mississippi  38655-3608

17
    FOR THE DEFENDANT:
18
        Attorney At Law
19      ROBERT WAYNE DAVIS, JR., ESQ.
        542 Jefferson Avenue
20      Post Office Box 1525
        Tupelo, Mississippi  38802-1525

21

22      Proceedings recorded by mechanical stenography, transcript
    produced by computer.
23   _____

24          RITA DAVIS YOUNG, FCRR, RPR, CSR #1626
             FEDERAL OFFICIAL COURT REPORTER
25          911 JACKSON AVENUE EAST, SUITE 369
                 OXFORD, MISSISSIPPI  38655

1 (CALL TO ORDER OF THE COURT)

2        THE COURT:  All right.  You may call the case.

3        THE COURTROOM DEPUTY:  The Court calls Case No.

4 4:15CR73-10, United States of America v. Derrick Jones.

5        THE COURT:  We have two things set today with respect

6 to this defendant, a waiver of indictment hearing and a plea

7 hearing as to Count 1 of the fourth superseding indictment.  If

8 counsel is not opposed, I'm going to combine these two things,

9 you know, so I won't have to ask twice questions about

10 competency and that type of thing.  Y'all have any problem with

11 that?

12        MR. DAVIS:  No objection.

13        MR. MCGEE:  No objection, Your Honor.

14        THE COURT:  All right.  Would you introduce

15 yourselves, please?  Who's here for the Government?

16        MR. MCGEE:  Clyde McGee, Your Honor.

17        THE COURT:  And for the defendant?

18        MR. DAVIS:  Chip Davis, Your Honor.

19        THE COURT:  And who do we have from probation?

20        MR. MIDDLETON:  Kelly Middleton, Your Honor.

21        THE COURT:  All right.  You all ready to proceed?  Go

22 ahead and come forward.

23        (Parties complying)

24        THE COURT:  All right.  Please administer the oath to

25 the defendant.

1       (OATH ADMINISTERED BY THE COURTROOM DEPUTY)

2           THE COURT:  Mr. Jones, do you understand that you're

3   now under oath; and, if you answer any question I ask you

4   falsely or untruthfully, that false or untruthful answer may

5   later be used against you in the prosecution for perjury or

6   making a false statement?

7           THE DEFENDANT:  Yes, ma'am.

8           THE COURT:  Do you understand that you have the right

9   to remain silent and not answer any of my questions?

10          THE DEFENDANT:  Yes, ma'am.

11          THE COURT:  Now, the Court has been advised that you

12  now want to plead guilty to the charges in Count 1 of an

13  information.  Is that correct?

14          THE DEFENDANT:  Yes, ma'am.

15          THE COURT:  And I've also been informed that you wish

16  to plead guilty to Count 1 of the fourth superseding indictment

17  in this case.  Is that correct?

18          THE DEFENDANT:  Yes, ma'am.

19          THE COURT:  I understand that you wish to plead

20  guilty to the information and to Count 1 of the fourth

21  superseding indictment pursuant to a plea agreement with the

22  Government.  Is that correct?

23          THE DEFENDANT:  Yes, ma'am.

24          THE COURT:  Before we proceed, then, there are many

25  questions I must ask you to make sure that you're fully

1   informed of your rights and that you understand your rights in

2   this proceeding.  If, at any point, you don't understand a

3   question I ask you, just let me know; and I'll clarify it for

4   you.  Also, you may stop me at absolutely anytime if you would

5   like to speak with your attorney.  You understand?

6              THE DEFENDANT:  Yes, ma'am.

7              THE COURT:  First, what is your full name?

8              THE DEFENDANT:  Derrick Martez Jones.

9              THE COURT:  Could you spell your middle name, please?

10            THE DEFENDANT:  M-a-r-t-e-z.

11            THE COURT:  And what's your current age, sir?

12            THE DEFENDANT:  My current address?

13            THE COURT:  Uh-huh.  Your current age.  How old are

14   you?

15            THE DEFENDANT:  Age?  Forty.

16            THE COURT:  How many years of school have you

17   completed?

18            THE DEFENDANT:  Tenth.  I got my GED.

19            THE COURT:  You do have your GED?  When did you get

20   your GED?

21            THE DEFENDANT:  I got my GED 2000 -- 2001.

22            THE COURT:  Now, are you presently under the

23   influence of any medicine, drugs, or alcohol?

24            THE DEFENDANT:  No, ma'am.

25            THE COURT:  Have you ever been treated or

1  hospitalized for an addiction to drugs?

2            THE DEFENDANT:  No, ma'am.

3            THE COURT:  Have you ever been treated for any mental

4  illness?

5            THE DEFENDANT:  No, ma'am.

6            THE COURT:  Do you suffer from any mental condition

7  or disability that would prevent you from fully understanding

8  the nature of the charges against you in the information and as

9  to Count 1 of the fourth superseding indictment or the

10  consequences of the guilty plea?

11            THE DEFENDANT:  No, ma'am.

12            THE COURT:  Mr. Davis, did you speak with the

13  defendant before today about this proceeding and what will

14  happen?

15            MR. DAVIS:  I did, Your Honor.

16            THE COURT:  Do you have any questions or concerns

17  about the defendant's competency to enter a plea?

18            MR. DAVIS:  I do not, Your Honor.

19            THE COURT:  Mr. McGee, does the Government have any

20  concerns in that regard?

21            MR. MCGEE:  None whatsoever, Your Honor.

22            THE COURT:  The Court then finds that the defendant

23  is competent to waive indictment and to enter a plea to the

24  information, as well as entering a plea to the charges in the

25  fourth superseding indictment.

1        And, Mr. Jones, the next set of questions I'm going to ask

2   you concern the information only.  And some of them are just

3   some matters that I have to advise you of.  Now, first, I want

4   to let you know that you have a constitutional right to be

5   charged by an indictment -- in an indictment by the grand jury,

6   but you can waive that right and consent to being charged by an

7   information of the United States Attorney instead of an

8   indictment.

9        The felony charges against you have been brought by the

10  United States Attorney in the form of an information.  Now,

11  unless you waive indictment, you may not be charged with a

12  felony unless a grand jury finds, by the return of an

13  indictment, that there is probable cause to believe that a

14  crime has been committed and that you committed it.

15       If you do not waive indictment, the Government may present

16  the case to a grand jury and ask it to indict you.  Now, a

17  grand jury is composed of at least 16, and not more than 23,

18  persons.  At least 12 grand jurors must find that there is

19  probable cause to believe that you committed the crime with

20  which you have been charged in the information before you may

21  be indicted.

22       Now, the grand jury may or may not indict you.  If you

23  waive indictment by the grand jury, however, the case will

24  proceed against you on the United States Attorney's information

25  just as though you had been indicted.

1    Now, based on all that I just stated, my first question

2  is, do you understand that, with respect to just the

3  information, the charges in the information, that you have not

4  been indicted on those charges?

5         THE DEFENDANT:  Yes, ma'am.

6         THE COURT:  So it's fair to say that you understand

7  that the only thing that has happened is that the United States

8  Attorney has signed an information charging you with a crime

9  stated in that information?

10         THE DEFENDANT:  Yes, ma'am.

11         THE COURT:  Do you understand your right to

12  indictment by a grand jury?

13         THE DEFENDANT:  Yes, ma'am.

14         THE COURT:  Do you understand that you have a right

15  to have a grand jury consider the evidence against you?

16         THE DEFENDANT:  Yes, ma'am.

17         THE COURT:  Have you discussed waiving your right to

18  indictment by the grand jury with your attorney?

19         THE DEFENDANT:  Yes, ma'am.

20         THE COURT:  Have any threats or promises been made to

21  you to induce you to waive indictment?

22         THE DEFENDANT:  No, ma'am.

23         THE COURT:  Based on what I've discussed thus far

24  with respect to the information in this proceeding, do you want

25  to waive your right to indictment by a grand jury as to the

1 charges in the information.

2          THE DEFENDANT:  Yes, ma'am.

3          THE COURT:  Mr. Davis, is there any reason you know

4 of why the defendant should not waive indictment?

5          MR. DAVIS:  No, Your Honor.  And, if I may, for one

6 moment, as far as this information, the count that he's

7 pleading guilty to here, Mr. McGee and I have spoken with the

8 District Attorney's Office in Quitman County, Mississippi.  In

9 fact, we spoke with Ms. Brenda Mitchell, the district attorney

10 in Quitman County.

11     And, while the Government cannot bind, and will not

12 promise or offer to bind, any decision that might be made by

13 the district attorney, in Mr. McGee's presence, I did ask

14 Ms. Mitchell whether or not if Mr. Jones were to waive

15 indictment and plead guilty in this court whether she would

16 agree to not prosecute -- or not proceed against him in Quitman

17 County on the same facts that are contained in this

18 information.

19     She said that she would have to consider that and think

20 about it.  And I had left the office at the time, but I believe

21 Mr. McGee can confirm this; I believe she called the United

22 States Attorney's Office back and indicated that she would not

23 proceed if indictment were waived and a guilty plea entered and

24 accepted in this particular case.

25     Again, Your Honor, I've spoken with Mr. Jones about this

1  extensively; and he understands that the United States cannot

2  bind the District Attorney's Office, but we do have -- I

3  suppose you could call it a colleague's, or gentlemen's,

4  agreement with the District Attorney's Office in Quitman County

5  that if he is -- if the Court sentences him on this particular

6  count, then he would not be indicted in Quitman County.

7         So, yes, Your Honor, I believe it's in his best interest,

8  given that, to enter this plea of guilty before Your Honor on

9  this information as opposed to await a grand jury indictment.

10            THE COURT:  All right.

11        And is that your understanding as well, Mr. McGee?

12            MR. MCGEE:  What Mr. Davis stated is accurate.

13            THE COURT:  And do you understand that, Mr. Jones?

14            THE DEFENDANT:  Yes, ma'am.

15            THE COURT:  All right.  Then, who has the written

16  waiver?

17            MR. DAVIS:  It's here, Your Honor.

18            THE COURT:  If you would please provide it.  Has it

19  been signed yet?  Let me ask you that.

20            MR. DAVIS:  No, Your Honor.

21            THE COURT:  Okay.  Great.  Would you please have the

22  defendant sign it.

23        And , Mr. Jones, if you want to waive indictment, then you

24  will need to sign that written waiver as you're doing now.

25            THE DEFENDANT:  Okay.

1          THE COURT:  And then your attorney will sign as well.

2          MR. DAVIS:  Your Honor, Mr. Jones has signed the

3 waiver; and I've signed it as well.

4          THE COURT:  Would you please hand it to Ms. Thomas.

5 All right.  I've reviewed the waiver, and I will sign it as

6 well.  All right.  I've reviewed the information -- I mean,

7 excuse me, the waiver; and I've also reviewed the signatures as

8 I viewed Mr. Jones sign it, and his counsel sign it.  And the

9 Court does find that the waiver of indictment is knowingly and

10 voluntarily made by the defendant, and it is accepted by the

11 Court.  So this waiver will be filed.

12     All right.  Mr. Jones, this next part of this proceeding

13 will address the charges against you in Count 1 of the

14 information and Count 1 of the fourth superseding indictment.

15 Let me first ask, have you been given a copy of the charges

16 against you as set forth in the information?

17          THE DEFENDANT:  Yes, ma'am.

18          THE COURT:  And have you been given a copy of the

19 charges against you as set forth in the fourth superseding

20 indictment?

21          THE DEFENDANT:  Yes, ma'am.

22          THE COURT:  Now, the information has one count and

23 that is Count 1.  In that count, you're charged with using a

24 firearm in the course of a drug trafficking crime to murder a

25 person, namely Gary Patterson, in violation of Title 18, United

1 States Code, Section 924(c) and (j)(1) and 2.

2      Now, Count 1 of the fourth superseding indictment charges

3 you with conspiracy to distribute, and to possess with intent

4 to distribute, heroin in violation of Title 21, United States

5 Code, Section 841(a)(1) and (b)(1)(C) and Section 846.

6      Now, with respect to the information and the fourth

7 superseding indictment, would you like to have them read or is

8 reading waived, Mr. Davis?

9        MR. DAVIS:  Reading will be waived, Your Honor.

10        THE COURT:  Mr. Jones, are you fully aware of what

11 you're charged with in the information?

12        THE DEFENDANT:  Yes, ma'am.

13        THE COURT:  Are you fully aware of what you're

14 charged with in Count 1 of the fourth superseding indictment?

15        THE DEFENDANT:  Yes, ma'am.

16        THE COURT:  And do you understand what you're charged

17 with in the information and in Count 1 of the fourth

18 superseding indictment?

19        THE DEFENDANT:  Yes, ma'am.

20        THE COURT:  Have you discussed the charges in the

21 information and Count 1 of the fourth superseding indictment

22 with your attorney?

23        THE DEFENDANT:  Yes, ma'am.

24        THE COURT:  All right.  Do we have the information,

25 the original copy or whatever copy y'all would like to have

1  filed?

2          MR. DAVIS:  It's here, Your Honor.

3          THE COURT:  Would you please hand that to Ms. Thomas.

4  (Perusing document).

5          MR. MCGEE:  Your Honor, just for record purposes and

6  just to be clear, in the information, it states that these acts

7  are in violation of Title 18, United States Code, Sections

8  924(c) and (j)(1) and 2.  Two is actually separate.  That's the

9  aiding and abetting language that is Title 18, United States

10  Code, Section 2.  So I just wanted to make that clear on the

11  record that it is -- the information is 924(c) and (j)(1) and

12  then 18 --

13          THE COURT:  And Section 2.

14          MR. MCGEE:  Of 18 USC -- Title 18.  Yes, Your Honor.

15          THE COURT:  Okay.  Do you wish to maybe even make

16  that notation on it before we file it?

17          MR. MCGEE:  No.

18          THE COURT:  It's clear to me from the record, but

19  I --

20          MR. MCGEE:  Yes, ma'am.  I think it's fine as

21  written.  It's just, when I say it out loud, it sounds a little

22  confusing.

23          THE COURT:  No.  I do understand, because you think

24  it's a subsection of (j)(1) as opposed to a separate section.

25          MR. MCGEE:  Right.  It's actually not a subsection.

```
 1              THE COURT:  Right.  And I -- I mean, that's what I'm

 2  saying too.

 3              MR. MCGEE:  That's right.

 4              THE COURT:  It's a subsection of 924(c) but not a

 5  subsection of (j)(1).

 6              MR. MCGEE:  It's actually a subsection of just Title

 7  18, United States Code, Section 2.

 8              THE COURT:  Okay.  Oh.

 9              MR. MCGEE:  It's just Section 2.  It's not a

10  subsection.

11              THE COURT:  Okay.

12          Is everybody clear about that, Mr. Davis?

13              MR. DAVIS:  Yes, Your Honor.

14              THE COURT:  Mr. Jones?

15              THE DEFENDANT:  Yes, ma'am.

16              THE COURT:  Okay.

17              MR. MCGEE:  Thank you, Your Honor.

18              THE COURT:  I guess I'm clear then too.  I'm glad we

19  had that on the record, though.  All right.  The information

20  will be filed.  Mr. Jones, before you could be found guilty of

21  the charges in the information and the charges in Count 1 of

22  the fourth superseding indictment, the Government would have to

23  prove certain elements against you beyond a reasonable doubt.

24          Mr. McGee, would you please advise the defendant of the

25  elements with respect to Count 1 of the information and then
```

1 Count 1 of the fourth superseding indictment?

2        MR. MCGEE:  Yes, Your Honor.  Count 1 of the

3 information, the Government would have to prove, beyond a

4 reasonable doubt, that, first, the defendant committed a drug

5 trafficking crime, that is, possession with the intent to

6 distribute cocaine.

7     Second, that the defendant knowingly used or carried a

8 firearm during, and in relation to, the above drug trafficking

9 crime.  Third, that during, and in relation to, the above drug

10 trafficking crime, the defendant unlawfully killed Gary

11 Patterson with malice aforethought.  Fourth, that during, and

12 in relation to, the above drug trafficking crime, the defendant

13 caused the death of Gary Patterson through the use of the

14 firearm.

15     As far as Count 1 of the fourth superseding indictment,

16 the Government would have to prove, beyond a reasonable doubt,

17 each of the following elements:  First, that the defendant

18 directly or indirectly reached an agreement to distribute and

19 possess, with the intent to distribute, heroin.

20     Second, that the defendant knew of the unlawful purpose of

21 the agreement.  And, third, that the defendant joined in the

22 agreement willfully, that is, with the intent to further its

23 unlawful purpose.

24        THE COURT:  Mr. Jones, having heard the elements for

25 each count, that being Count 1 of the information and Count 1

1  of the fourth superseding indictment, do you have any questions

2  about the elements of proof or the nature of the charges, as to

3  either one?

4         THE DEFENDANT:  No, Your Honor.

5         THE COURT:  All right.  The next thing, we're going

6  to move to the Court advising you of the maximum possible

7  penalties associated with Count 1 of the information, then

8  Count 1 of the fourth superseding indictment.

9      With respect to Count 1 of the information, the maximum

10 possible penalties are imprisonment for life, a fine of not

11 more than $250,000 or both; supervised release after

12 imprisonment for not more than 5 years; and a special

13 assessment of $100.

14     Now, with respect to Count 1 of the fourth superseding

15 indictment, the maximum possible enhanced penalties are

16 imprisonment for not more than 30 years, a fine of not more

17 than $2 million or both, supervised release after imprisonment

18 for at least 6 years, and a special assessment of $100.

19     I also want to point out to you, sir, that the fourth

20 superseding indictment contains a forfeiture provision which is

21 applicable to Count 1.  To the extent the Government may pursue

22 forfeiture, that provision essentially says that, upon

23 conviction, you shall forfeit to the Government any property

24 obtained with illegal proceeds or involved in, or intended to

25 be used to commit, the offenses charged; and that, if any such

1    property cannot be located, then substitute property may be

2    forfeited with the Government having the right to seek a money

3    judgment against you in the amount of illegal proceeds.

4         Mr. McGee, do you know what the Government's intent is at

5    this stage with respect to that forfeiture provision applicable

6    to Count 1?

7              MR. MCGEE:  Your Honor, the Government has no

8    intention of any further forfeiture proceedings against Mr.

9    Jones.

10             THE COURT:  All right.

11        Mr. Jones, if you're sentenced to serve time in prison on

12   Count 1 of the information and/or Count 1 of the fourth

13   superseding indictment, do you understand that you may be

14   subject to supervised release for a number of years after your

15   release from prison?

16             THE DEFENDANT:  Yes, ma'am.

17             THE COURT:  Do you understand that if you violate one

18   or more of the conditions of supervised release you may be

19   returned to prison for all or part of that supervised release

20   term?

21             THE DEFENDANT:  Yes, ma'am.

22             THE COURT:  Now, do you understand all of these

23   penalties the Court has just discussed with you?

24             THE DEFENDANT:  Yes, ma'am.

25             THE COURT:  Do you have any questions about any of

1  them?

2          THE DEFENDANT:  No, ma'am.

3          THE COURT:  All right.  Next, I'm going to ask the

4  Government's attorney to state the facts the Government would

5  be prepared to prove against you if your case went to trial.

6  I'll ask you to please pay attention to what is said by the

7  Government's attorney because I will have some questions for

8  you afterwards.

9          THE DEFENDANT:  Okay.

10          THE COURT:  Mr. McGee, what is the Government's

11  evidence?

12          MR. MCGEE:  Your Honor, the Government would show,

13  through the testimony of numerous witnesses, including

14  coconspirators and forensic experts, as well as physical

15  evidence, including video, audio, and photos, that the

16  defendant, Derrick Jones, being aided and abetted by persons

17  known and unknown to the U.S. Attorney, during and in relation

18  to a drug trafficking crime, namely, possession with the intent

19  to distribute cocaine, did unlawfully, knowingly, and

20  intentionally carry and use a firearm, and, in the course of

21  this crime, did cause the death of a person, to wit, Gary

22  Patterson, through the use of a firearm, which killing was

23  murder as defined in Title 18, United States Code, Section

24  1111.

25          And that the defendant, with malice aforethought, did

1  unlawfully kill Gary Patterson while shooting him with a

2  firearm willfully, deliberately, maliciously, and with

3  premeditation in violation of Title 18, United States Code,

4  Sections 924(c) and (j)(1).

5      The Government would also show that Derrick Jones did

6  knowingly and intentionally conspire with Steven Haynes,

7  Reginald Murray, Mark Connor, and others to distribute and

8  possess with the intent to distribute heroin, a Schedule I

9  controlled substance in violation of Title 21, United States

10  Code, Sections 841(b)(1)(C) and 846 in the Northern District of

11  Mississippi.

12      Specifically, in 2014, agents discovered that Derrick

13  Jones was distributing heroin in Coahoma County, Mississippi to

14  Tony Lewelling, Reginald Murray, and others.  Tony Lewelling

15  began working with the Drug Enforcement Administration and the

16  Mississippi Bureau of Narcotics.

17      On January 28th, 2015; February 9th, 2015; and

18  February 19th, 2015; an undercover agent, Antonio Lewelling,

19  made controlled purchases of heroin from Derrick Jones.  During

20  2015, Jones also conspired to distribute, and possess with the

21  intent to distribute, heroin with Reginald Murray, Mark Connor,

22  Steven Haynes, and others.

23      Chemists from the DEA laboratory would testify that the

24  substances sold and seized throughout the conspiracy contained

25  heroin.  In 2015, Derrick Jones and Mark Connor were also

1   receiving cocaine from Gary Patterson, who lived in Texas.

2   Patterson would travel from Texas to Mississippi and supply

3   Jones and Connor with cocaine.

4       In March of 2015, Jones and Connor arranged for Patterson

5   to deliver multiple kilograms of cocaine to Mississippi.  On

6   March 10th, 2015, Patterson arrived in Coahoma County,

7   Mississippi.  When Patterson arrived, Derrick Jones arranged

8   for a cocaine transaction to occur on Booker Road in Quitman

9   County.

10      Patterson brought cocaine to Booker Road.  Jones brought a

11  38 revolver to the meeting.  Following the arrival at Booker

12  Road, Jones, using the revolver, willfully and deliberately

13  shot Gary Patterson with malice aforethought resulting in his

14  death.

15      Following the murder, Derrick Jones gained possession of a

16  portion of Patterson's cocaine and participated with others in

17  burning Patterson's vehicle in Sunflower County, Mississippi.

18  The Government would have proven Jones possessed the cocaine

19  with the intent to distribute it.

20      The Government would ask the Court to take judicial notice

21  that Sunflower, Quitman , Coahoma County, Mississippi are

22  within the Northern Judicial District of Mississippi.

23          THE COURT:  The Court does note.  Mr. Jones, now

24  having heard the Government's attorney state what evidence the

25  Government had to present against you on Count 1 of the

1  information and Count 1 of the fourth superseding indictment,

2  do you understand what the Government's attorney said?

3           THE DEFENDANT:  Yes, ma'am.

4           THE COURT:  Now, is everything that the Government's

5  attorney said about you and about your conduct true and

6  correct?

7           THE DEFENDANT:  Yes, ma'am.

8           THE COURT:  Do you, sir, wish to plead guilty to

9  Count 1 of the information and to Count 1 of the fourth

10 superseding indictment because you are in fact guilty of the

11 charges set forth in those counts?

12          THE DEFENDANT:  Yes, ma'am.

13          THE COURT:  The Court then finds that there is a

14 factual basis for the defendant to plead guilty to the charges

15 in Count 1 of the information and to Count 1 of the fourth

16 superseding indictment.

17     Regarding the plea agreement between the defendant and the

18 Government, Mr. McGee, would you please state the substance

19 into the record?

20          MR. MCGEE:  Yes, Your Honor.  The parties entered

21 into a plea agreement wherein the defendant agrees to plead

22 guilty under oath to Count 1 of an information and Count 1 of

23 the fourth superseding indictment.  As we previously discussed,

24 Count 1 of the fourth superseding indictment is the heroin

25 conspiracy wherein he conspired to possess, with the intent to

1 distribute, and to distribute, a mixture and substance

2 containing heroin.

3     And it lists the penalties Your Honor previously went

4 over, the enhanced penalties, of not more than 30 years'

5 imprisonment, $2 million fine, supervised release for at least

6 6 years, and a $100 special assessment.

7     Regarding Count 1 of the information, the defendant is

8 pleading to being aided and abetted by persons known and

9 unknown to the U.S. Attorney, during and in relation to a drug

10 trafficking crime. And that's possession with intent to

11 distribute cocaine.

12     He did unlawfully and knowingly and intentionally carry

13 and use a firearm and, in the course of this crime, did cause

14 the death of a person, to wit, Gary Patterson, through the use

15 of a firearm, which killing was murder in that the defendant,

16 with malice aforethought, did unlawfully kill Gary Patterson

17 while shooting him with a firearm, willfully, deliberately,

18 maliciously, and with premeditation. And those penalties are

19 not more than life imprisonment, not more than a $250,000 fine;

20 not more than 5 years' supervised release; and a $100 special

21 assessment .

22     Furthermore, the Government agrees not to charge the

23 defendant with any other offenses arising from, or related to,

24 the above charges and agrees to dismiss all other indictments

25 as to this defendant following the sentencing on Count 1 of the

1    information and Count 1 of the fourth superseding indictment.

2         This agreement does not bind any prosecuting authority of

3    any state or any other federal district, nor does it bind the

4    Attorney General of the United States with regards to any

5    matter, criminal or civil, involving federal tax laws; nor does

6    the agreement bind the United States or any of its departments

7    or agencies with regard to any civil or administrative actions

8    or remedies.

9         The defendant hereby expressly waives any and all rights

10   to appeal the conviction and/or the sentence imposed in this

11   case, the manner in which it was imposed, on any ground

12   whatsoever, including, but not limited to, grounds set forth in

13   18 U.S.C. 3742, except to claims relating to prosecutorial

14   misconduct or ineffective assistance of counsel relating to the

15   validity of the waiver of appeal or the validity of the guilty

16   plea itself.

17        The defendant also hereby expressly waives all rights to

18   contest or collaterally attack the conviction and/or sentence

19   and the manner in which it was imposed in any postconviction

20   proceeding, including, but not limited to, a motion brought

21   pursuant to 28 U.S.C. 2255, except to claims relating to

22   prosecutorial misconduct or ineffective assistance of counsel

23   relating to the validity of the waiver of appeal or the

24   validity of the guilty plea itself.  This waiver is made in

25   exchange for the concessions made by the United States in this

1   plea agreement.

2        The defendant understands and agrees that the United

3   States does not waive its right to appeal.  If the defendant

4   violates this agreement, all statements made pursuant hereto

5   will be admissible against the defendant, who hereby waives the

6   provisions of Rule 11(f) of the Federal Rules of Criminal

7   Procedure and 410 of the Federal Rules of Evidence.  The

8   defendant could also, in that event, be prosecuted for all

9   federal offenses, including perjury or false statements

10  relating to the plea agreement.

11       Apart from being advised of the applicability of the U.S.

12  Sentencing Guidelines, and other than as set forth elsewhere in

13  the plea documents, particularly the plea supplement, no

14  promise or representation whatsoever has been made to the

15  defendant as to what punishment the Court might impose if it

16  accepts the pleas of guilty.

17       This agreement fully reflects all promises, agreements,

18  and understandings between the defendant and the U.S. Attorney.

19  The defendant's agreement is knowing, free, and voluntary and

20  not the product of force, threat, or coercion.  The defendant

21  is pleading guilty because the defendant is in fact guilty.

22            THE COURT:  Mr. Jones, did the Government's attorney

23  accurately state the substance of the plea agreement as you

24  understand it to be?

25            THE DEFENDANT:  Yes, ma'am.

1          THE COURT:  Do you understand the terms of the plea

2  agreement as stated in the plea documents?

3          THE DEFENDANT:  Yes, ma'am.

4          THE COURT:  Now, there is a provision of the plea

5  supplement that I want to ask you about in general.  And, in

6  particular, it is a term that is stated in Paragraph 4 of the

7  plea supplement.  And I want to ask, do you understand that if

8  the Court -- well, first, let me ask do you understand that the

9  Court may decide not to follow that part of the agreement that

10  you have made with the Government in Paragraph 4 of this plea

11  supplement?

12          THE DEFENDANT:  Yes, ma'am.

13          THE COURT:  Now, do you understand that if I decide

14  not to follow that part of your agreement in Paragraph 4 that I

15  will give you the opportunity to withdraw your guilty plea?

16          THE DEFENDANT:  Yes, ma'am.

17          THE COURT:  Do you understand that if I give you the

18  opportunity to withdraw your guilty plea and you choose not to

19  withdraw it, I may impose a sentence more severe without being

20  bound by that part of the agreement?  Do you understand that?

21          THE DEFENDANT:  Yes, ma'am.

22          THE COURT:  Now, Mr. McGee mentioned a few things

23  that I just want to stress to you as well, one of them being

24  that -- to ask you, rather, do you fully understand that you

25  would waive all rights to appeal and collaterally attack your

1 conviction and sentence if you plead guilty to Count 1 of the

2 information and Count 1 of the fourth superseding indictment?

3         THE DEFENDANT:  Yes, ma'am.

4         THE COURT:  And do you also understand that the

5 Government does not waive its right to appeal?

6         THE DEFENDANT:  Yes, ma'am.

7         THE COURT:  Now, if you have a copy of the plea

8 documents there with you, would you take a look at them and

9 confirm for the Court that the signature on those documents is

10 indeed your signature?

11         THE DEFENDANT:  (Perusing document).  Yes, ma'am.

12         THE COURT:  On both documents?

13         THE DEFENDANT:  Yes, ma'am.

14         THE COURT:  Okay.

15     Mr. Davis, did you discuss the contents of the plea

16 documents with the defendant before he signed them?

17         MR. DAVIS:  I did, Your Honor.

18         THE COURT:  Did you review the facts of the case and

19 everything the Government has relative to the case with the

20 defendant?

21         MR. DAVIS:  I did, Your Honor.

22         THE COURT:  All right.

23     Mr. McGee, if you would give Ms. Thomas the original copy

24 of the plea documents.

25         MR. MCGEE:  (Passing documents).

1          THE COURT:  (Perusing documents).  Okay.  Let me deal

2   with the plea agreement first.  The plea agreement will be

3   filed and the plea supplement will be filed under seal.  Let me

4   ask you about this information, though, Mr. McGee.  Is it

5   common that you-all leave the full social security number on

6   the cover sheet?

7          MR. MCGEE:  Your Honor, I'm not certain.  I believe

8   we do.  And then I think we also may send you a redacted

9   version, but I'm not sure that we did.

10         THE COURT:  Okay.  We can check that out.  But right

11  now, it has his full social security number on the cover sheet.

12         MR. MCGEE:  Yes, ma'am.

13         THE COURT:  If you find that you-all typically send a

14  redacted copy -- just for the record, Mr. Davis, you-all

15  understand that he could send that to the Court; and we would

16  file that as opposed to this one with his full social security

17  number.

18         MR. MCGEE:  Yes, Your Honor.

19         THE COURT:  Mr. Jones, beyond that that's stated in

20  the plea agreement, has anyone made any promises to you about

21  what sentence you will receive?

22         THE DEFENDANT:  No, ma'am.

23         THE COURT:  Do you understand that the offenses to

24  which you wish to plead guilty are felonies; and that, if your

25  guilty plea is accepted as to each count -- with respect to the

1  information and Count 1, of course, of the superseding

2  indictment, do you understand you will be adjudged guilty of

3  those felonies?

4          THE DEFENDANT:  Yes, ma'am.

5          THE COURT:  Do you understand that being adjudged

6  guilty of each of those felonies may deprive you of certain

7  civil rights, such as the right to vote, the right to hold

8  public office, the right to sit on a jury, and the right to

9  possess any kind of firearm whatsoever?

10         THE DEFENDANT:  Yes, ma'am.

11         THE COURT:  As your attorney may have explained to

12  you, under the Sentencing Reform Act of 1984, the United States

13  Sentencing Commission has issued guidelines for judges to

14  follow in determining the sentence in a criminal case.

15     Now, these guidelines are only advisory, meaning the Court

16  is not bound to follow them if the Court chooses not to do so.

17  Now, please confirm for me, first, that you and your attorney

18  have discussed how these sentencing guidelines might apply to

19  your case?

20         THE DEFENDANT:  Yes, ma'am.

21         THE COURT:  Do you understand that the Court will not

22  be able to determine the guideline sentence for your case until

23  after the Presentence Report has been completed and you and the

24  Government and the Government's attorney and your counsel have

25  had the opportunity to review that Presentence Report and

1  determine whether or not you want to challenge any of the

2  reported facts or the application of the guidelines as

3  recommended by the probation officer?

4          THE DEFENDANT:  Yes, ma'am.

5          THE COURT:  Do you understand that the sentence

6  imposed may be different from any estimate your attorney may

7  have provided you?

8          THE DEFENDANT:  Yes, ma'am.

9          THE COURT:  Do you also understand that, after your

10 guideline range has been determined, the Court has the

11 authority in some circumstances to depart upward or downward

12 from the guidelines; and that simply means that the Court could

13 impose a sentence that is either more severe than what is

14 called for by the guidelines or less severe than what is called

15 for by the guidelines?

16         THE DEFENDANT:  Yes, ma'am.

17         THE COURT:  Do you understand that, regardless of the

18 guideline range, the Court may sentence you to a term of

19 imprisonment for up to the maximum time allowed by law?

20         THE DEFENDANT:  Yes, ma'am.

21         THE COURT:  Do you also understand that, in this

22 federal court, parole has been abolished; and that, if you're

23 sentenced to prison, you will not be released on parole?

24         THE DEFENDANT:  Yes, ma'am.

25         THE COURT:  Do you further understand that under some

1  circumstances you or the Government may have the right to

2  appeal any sentence that I impose?

3          THE DEFENDANT:  Yes, ma'am.

4          THE COURT:  All right.  The next set of questions,

5  then, that I'm going to ask you concern your constitutional

6  rights.  In particular, your waiver of those rights, meaning

7  that you will be giving them up if you plead guilty here today

8  and this Court accepts your plea.

9      Now, just like all the other questions I've asked you, I'm

10  going to ask you do you understand that such is the case.  But

11  I want you to listen very carefully, because your responses in

12  particular to these questions will determine whether or not the

13  Court accepts your plea.  Do you understand that you have the

14  right to maintain a plea of not guilty?

15          THE DEFENDANT:  Yes, ma'am.

16          THE COURT:  Do you understand that, under the

17  Constitution and the laws of the United States, you're entitled

18  to a speedy and public trial by a jury on the charges against

19  you?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  Do you understand that at a trial you

22  would be presumed innocent of the charges, and the Government

23  would have to prove you guilty beyond a reasonable doubt before

24  you could be found guilty?

25          THE DEFENDANT:  Yes, ma'am.

1          THE COURT:  Do you understand that you would not be

2     required to prove your innocence at a trial?

3          THE DEFENDANT:  Yes, ma'am.

4          THE COURT:  Do you also understand that, at a trial,

5     the witnesses for the Government would have to come into court

6     and testify in your presence; that your attorney could

7     cross-examine the Government's witnesses; and that your

8     attorney could also call other witnesses to testify on your

9     behalf?

10          THE DEFENDANT:  Yes, ma'am.

11          THE COURT:  Do you understand that you have the right

12     at trial to compel, in other words, require, the attendance of

13     witnesses?

14          THE DEFENDANT:  Yes, ma'am.

15          THE COURT:  Do you also understand that if you wish

16     to testify yourself in your own defense at a trial you would

17     have the right to do so?

18          THE DEFENDANT:  Yes, ma'am.

19          THE COURT:  Do you understand that if you chose not

20     to testify yourself in your own defense at trial the fact that

21     you did not testify could not be used against you?

22          THE DEFENDANT:  Yes, ma'am.

23          THE COURT:  Do you understand that if you had a trial

24     and were convicted you would have the right to appeal your

25     conviction and your sentence?

1                    THE DEFENDANT:  Yes, ma'am.

2                    THE COURT:  Now, Mr. Jones, if you plead guilty here

3        today to Count 1 of the information and to Count 1 of the

4        fourth superseding indictment, or either one, do you understand

5        that if the Court accepts your guilty plea you're going to

6        waive your right to trial by jury and your right to all of the

7        other constitutional rights I've just discussed with you?

8                    THE DEFENDANT:  Yes, ma'am.

9                    THE COURT:  So you did -- do you understand, then, if

10       the Court accepts your plea to Count 1 of the information and

11       Count 1 of the fourth superseding indictment, there's not going

12       to be a trial; and I'm going to enter a judgment of guilty

13       based upon those pleas and sentence you, after considering a

14       Presentence Report prepared by the probation officer?

15                   THE DEFENDANT:  Yes, ma'am.

16                   THE COURT:  Now, do you have any questions about any

17       of these constitutional rights?

18                   THE DEFENDANT:  No, ma'am.

19                   THE COURT:  Did you specifically discuss with your

20       attorney the waiver of these constitutional rights?

21                   THE DEFENDANT:  Yes, ma'am.

22                   THE COURT:  Now, having discussed these rights with

23       your attorney, is it still your wish to plead guilty to the

24       information and to Count 1 of the fourth superseding

25       indictment?

1       THE DEFENDANT:  Yes, ma'am.

2       THE COURT:  Now, I have just a few more questions for

3 you before I ask you for your plea, all of which concern your

4 legal representation by your attorney.  Have you had sufficient

5 opportunity to discuss your case with your attorney?

6       THE DEFENDANT:  Yes, ma'am.

7       THE COURT:  Are you satisfied with your attorney's

8 representation of you?

9       THE DEFENDANT:  Yes, ma'am.

10      THE COURT:  Do you believe that your attorney has

11 represented your best interests in this matter?

12      THE DEFENDANT:  Yes, ma'am.

13      THE COURT:  Now, do you have any questions for the

14 Court or any concerns about this proceeding thus far?

15      THE DEFENDANT:  No, ma'am.

16      THE COURT:  Then my first question to you, Mr. Jones,

17 is in the matter of the United States v. Derrick Jones, do you

18 plead guilty or not guilty to Count 1 of the information?

19      THE DEFENDANT:  I plead guilty.

20      THE COURT:  Do you plead guilty or not guilty to

21 Count 1 of the fourth superseding indictment?

22      THE DEFENDANT:  I plead guilty.

23      THE COURT:  It is the finding of the Court, then, in

24 the case of the United States v. Derrick Jones, that the

25 defendant is fully competent and capable of entering an

1    informed plea; that the defendant is aware of the nature of the

2    charges and the consequences of the pleas; and that the pleas

3    of guilty are a knowing and voluntary plea supported by an

4    independent basis in fact containing each of the essential

5    elements of the offense in Count 1 of the information and

6    Count 1 of the fourth superseding indictment and not the result

7    of force, threats, or promises.

8         So the Court therefore accepts your guilty pleas,

9    Mr. Jones; and you're now adjudged guilty of the offense in

10   Count 1 of the information and in Count 1 of the fourth

11   superseding indictment.

12        The Court, however, only conditionally accepts the plea

13   agreement pending the Presentence Report.  Now, with respect to

14   that Presentence Report, Mr. Jones, it will be prepared by the

15   probation office to assist the Court in determining what

16   sentence may be appropriate.

17        For purposes of preparing that report, you're going to be

18   asked questions by the probation officer.  While you're being

19   questioned by the probation officer, you may have your attorney

20   present if you wish.  Now, with respect to those questions the

21   probation officer is going to ask you, I encourage you to be

22   honest and forthright about everything that is asked of you.

23        There may be some things that are embarrassing or that you

24   would rather not talk about, but I assure you your answers are

25   going to be contained in that Presentence Report; and that is

1   what I primarily rely upon in determining what your sentence

2   is.  And I read every single word.  So I encourage you to be as

3   honest as possible, as I said, even if it's something that

4   you'd rather not talk about.

5          After the Presentence Report is prepared, you will have

6   the opportunity to review it, just as your attorney will and

7   the Government's attorney.  And you will also have the

8   opportunity to challenge any of the reported facts or the

9   application of the guidelines by the probation officer.

10         I am going to allow you, if you wish, to speak at your

11  sentencing hearing.  Your attorney will have the opportunity to

12  speak on your behalf as well.  You're not required to speak,

13  but I am always willing to listen to anything any defendant,

14  including yourself, would like to tell me that you think I

15  should consider in determining what your sentence will be.

16         Now, at this point, your sentencing date will be set for a

17  date about -- roughly 120 days from today.  That looks like

18  it's going to be November 30th.  That is a Thursday.  Does

19  anyone have an issue with that date that you know of at this

20  point?

21             MR. DAVIS:  None from the defense, Your Honor.

22             MR. MCGEE:  No, Your Honor.

23             THE COURT:  So sentencing will be set for

24  November 30, 2017.  Now, Mr. Jones, I'm going to enter an order

25  with that sentencing date in there.  There will also be some

1  other deadlines in that order.  One of them is the deadline to

2  submit reference letters.

3       And I want to mention that because that is your

4  opportunity that if you know of -- whether it's family,

5  friends, a past employer, anyone that has something positive to

6  say about you that you would like the Court to consider in

7  determining your sentence, I will ask you to go ahead and make

8  sure you request a letter from those persons so that they will

9  be in, in plenty of time to meet the deadline that will be in

10  the order that I set.

11       Right now, you've got about 90 days; so you've got plenty

12  of time to ask someone.  But just like the Presentence Report,

13  I read every word of those letters and take them into

14  consideration.  So I just give you that option.  Again, you're

15  not required to; but it is something I absolutely will consider

16  in determining what your sentence is.

17            THE DEFENDANT:  Yes, ma'am.

18            THE COURT:  I think I have covered everything.

19  Anything that you're aware of that I missed, Mr. Davis?

20            MR. DAVIS:  None from the defense, Your Honor.

21            THE COURT:  Mr. McGee?

22            MR. MCGEE:  None from the Government, Your Honor.

23            THE COURT:  Probation?

24            MR. MIDDLETON:  None, Your Honor.

25            THE COURT:  If that is the case, then this matter is

1    adjourned; and the defendant is remanded to the custody of the

2    United States Marshals.

3                    (THE HEARING ENDED AT 2:45 p.m.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1       **CERTIFICATE OF OFFICIAL REPORTER**

2

3

4     I, Rita Davis Young, Federal Official Realtime

5 Court Reporter, in and for the United States District Court for

6 the Northern District of Mississippi, do hereby certify that

7 pursuant to Section 753, Title 28, United States Code that the

8 foregoing is a true and correct transcript of the

9 stenographically reported proceedings held in the

10 above-entitled matter; and that the transcript page format is

11 in conformance with the regulations of the Judicial Conference

12 of the United States.

13

14

15      Dated this 20th day of July, 2017.

16

17

18

19     /s/ Rita Davis Young
       RITA DAVIS YOUNG, FCRR, RPR, CSR #1626
20     Federal Official Court Reporter

21

22

23

24

25