UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 4:15CR73

DERRICK JONES

## PLEA AGREEMENT

The United States Attorney hereby proposes to the Court a plea agreement to be filed in this cause under Rule 11(c) of the Federal Rules of Criminal Procedure. Defendant has read and fully understands this plea agreement and approves same, realizing that the plea agreement is subject to acceptance or rejection by the Court. The plea agreement is as follows:

1.  GUILTY PLEA: The defendant agrees to waive Indictment and plead guilty under oath to Count One of an Information and Count One of the Fourth Superseding Indictment, which charge:

    (a) Count One of the Fourth Superseding Indictment: Beginning on or about January 2014, and continuing until June 2015, in the Northern District of Mississippi and elsewhere, the defendant, DERRICK JONES, a/k/a, "Dcaine", "D", did unlawfully, knowingly and intentionally combine, conspire, and agree with each other, and persons both known and unknown to the Grand Jury, including Steven Haynes, Craig Haynes, Octavious Conner, a/k/a, "Tay Tay", Antonio Lewis, a/k/a, "Pokey", Cordarell Johnson, a/k/a, "Black", Frank Williams, a/k/a, "Fat Daddy", "Fats", Errick Hackler, a/k/a, "Mac G", Reginald Murray and Tony Lewelling, to distribute and possess with intent to distribute a mixture and substance containing heroin, a Schedule I controlled substance, in

violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and 846; which carry maximum possible enhanced penalties of not more than 30 years imprisonment - 21 U.S.C. § 841(b)(1)(C); not more than $2,000,000 fine, or both - 21 U.S.C. § 841(b)(1)(C); supervised release for at least 6 years - 21 U.S.C. § 841(b)(1)(C); $100 Special Assessment - 18 U.S.C. § 3013 (a)(2)(A).

(b) <u>Count One of the Information</u>: On or about March 10, 2015, in the Northern District of Mississippi, defendant, DERRICK JONES, being aided and abetted by persons known and unknown to the United States Attorney, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, possession with the intent to distribute cocaine in violation of Title 21, United States Code, Section 841(a)(1), did unlawfully, knowingly, and intentionally carry and use a firearm, and in the course of this crime did cause the death of a person, to wit, Gary Patterson through the use of a firearm, which killing was murder as defined in Title 18, United States Code, Section 1111, in that the defendant, with malice aforethought, did unlawfully kill Gary Patterson, by shooting him with a firearm willfully, deliberately, maliciously, and with premeditation, in violation of Title 18, United States Code, Sections 924(c) and (j)(1) and 2, which carries maximum possible penalties of life imprisonment, not more than $250,000 fine, or both, not more than five years supervised release, $100 special assessment.

2. OTHER CHARGES: The United States agrees not to charge the defendant with any other offenses arising from or related to the above charges and agrees to dismiss all other

counts of the Indictment as to this defendant upon conclusion of sentencing on Count One of the Information and Count One of the Fourth Superseding Indictment.

3. OTHER AUTHORITIES: This agreement does not bind any prosecuting authority of any state or any other federal district, nor does it bind the Attorney General of the United States with regard to any matter, criminal or civil, involving federal tax laws. Nor does this agreement bind the United States or any of its departments or agencies with regard to any civil or administrative actions or remedies.

4. WAIVER OF ALL APPEALS AND COLLATERAL ATTACKS: Defendant hereby expressly waives any and all rights to appeal the conviction and/or sentence imposed in this case, and the manner in which sentence was imposed, on any ground whatsoever, including but not limited to the grounds set forth in 18 U.S.C. § 3742, except to claims relating to prosecutorial misconduct or ineffective assistance of counsel relating to the validity of the waiver of appeal or the validity of the guilty plea itself. Defendant also hereby expressly waives all rights to contest or collaterally attack the conviction and/or sentence, and the manner in which sentence was imposed, in any post-conviction proceeding, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255 except to claims relating to prosecutorial misconduct or ineffective assistance of counsel relating to the validity of the waiver of appeal or the validity of the guilty plea itself. This waiver is made in exchange for the concessions made by the United States in this Plea Agreement. Defendant understands and agrees that the United States does not waive its right to appeal.

5. VIOLATIONS OF THIS AGREEMENT: If defendant violates this agreement, all statements made pursuant hereto will be admissible against defendant, who hereby waives the

provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. Defendant may also, in that event, be prosecuted for all federal offenses, including perjury and false statements relating to this plea agreement.

6. ACKNOWLEDGMENTS: Apart from being advised of the applicability of the U.S. Sentencing Guidelines, and other than as set forth elsewhere in the plea documents, no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the pleas of guilty. This agreement fully reflects all promises, agreements, and understandings between the defendant and the United States Attorney. The defendant's agreement is knowing, free, and voluntary, and not the product of force, threat, or coercion. The defendant is pleading guilty because defendant is in fact guilty.

This the 19th day of July, 20 17.

_____
ROBERT H. NORMAN
Acting United States Attorney
Mississippi Bar No. 3880

AGREED AND CONSENTED TO:

_____
DERRICK JONES
Defendant

APPROVED:

_____
ROBERT DAVIS
Attorney for Defendant
Mississippi Bar No. 10411

4