IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>　　　　Respondant, )<br>　　　　　　　　　　　　　　　　)<br>V.　　　　　　　　　　　　　　　)　Case No. 4:15CR-73-BMB<br>　　　　　　　　　　　　　　　　)<br>DERRICK JONES　　　　　　　　)<br>　　　　Petitioner, )<br>　　　　　　　　　　　　　　　　) | |

PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE

Comes Now the Petitioner, Derrick Jones, Pro-se Hereby files his reply to the government's motion in response to his motion to vacate set aside or correct sentence pursuant to 28 U.S.C. §2255. Wherefore, Mr. Jones replies as follows;

Mr. Jones had filed his §2255 motion to seek relief from this Honorable Court arguing that his counsel was ineffective assistance and the due to counsel's dificient performance of not aqdequately advising him of the consequences of the difference of firearm statutes 924 and 922 and advising him to plea guilty to the more serious firearm charge caused him prejudice and greater punishment . Jones is not arguing his sentence or conviction on Count One for his conspiracy . But rather that his counsel failed to disclose the differences of possessing a firearm under 922 and 924. Counsel should had fully disclosed the difference to him that 922 carried no more than 10 years compared to 924 200 month sentence he recieved. Jones argues that eventhough 922 possessing a firearm and 924

1

both may carry a consecutive sentence by the discreaton of the court the difference of sentenes that could be imposed is 80 months less than he recieved. Rendering the sentence to have been imposed 320 months rather than 400 months.

The government argues that Mr.Jones is only filing his motion ,because he is not happy with his sentence . Jones's motion has nothing to do with being happy or unhappy .."some would conclude one would be happy if the court imposed probation while unhappy for life imprisonment " . Jones motion for relief is based on whether or not his counsel properly adivsed him of the firearm penilties under federal law 18 U.S.C §922 and §924. In looking at two statutes they are simular in nature "both are for the possession of a firearm" Under 922 possession the United States Sentencing Guidelines Manual includes several enhancement provisions for having more than one firearm, whether or not the firearm was used in furtherance of another criminal offense, whether the firearm resulted in death or injury to another person... see U.S.S.G. §2K2.1(a) 1-4(A)(B)5-8(3)(A)(B)(4)(5)(6)(A)(B)(7)(c) Cross Reference (1) (A)(B)(2018). By statute however the Maximum penalty is 120 months even after including other enhancement provisions. 924 has simular authorities written,however the end result is different. This information should have been discussed with Jones by his counsel and counsel failed to explain the differences of the fiream penalities to Jones before advising him to plea guilty to 924(c).

The government argues that this Honorable Court should deny Jones relief because Jones was never indicted for 922(g). This same argument was also made in Jones 's counsel affidavit "because Jones was never indicted for 922(g)...possession ..." These arguements are basesless and is refuted by

charging documents itself. According to the government's original Indictment, superceding Indictment, Second Superceding Indictment, Third Superceding Indictment as well as the Fourth Superceding Indictment, that charges Jones and others include the violation of federal gun law §922, §924. [exhibits A-C Grand Jury Indictments].

The government's response includes a "Statement of Facts and the Case" "On or about may 23,2016 a federal grand jury returned a Third Superceding Indictment agaisnt Jones charging him in multiple counts. Count One charged that, begining on or about January 2014,and continuing until June 2015, Derrick Jones and others,entered into a conspiracy to distribute and possess with intent..districbute herion and cocaine....."[236]. "On or about August 31,2016 the government saught a Fourth Superceding Indictment" [310]. exhibits A-B. At the foot note the government cites that ..."Jones was initially charged in 4:15cr75. On May 23,2016, Jones was first named in this case in the Third Superceding Indictment.As such the government dismissed 4:15cr75."

In looking at the First charging Indictment the government filed agaisnt Jones, the government only charges Jones before the grand jury for having violted federal statute 21 U.S.C. §841 there was **no firearms** included in the first Indictment . Exhibit C. However ,after the government filed for a Third and Fourth Superceding Indictment the government presented testimony before the grand jury that Jones and other codefendants had violated federal statutes under 21 U.S.C. §841, 21 U.S.C §846, 18 U.S.C. **§922**, **18 U.S.C.§924**,18 U.S.C. §1512,18 U.S.C.§1956. See Exhibits A,B. Theses legal Indictment documents proves and establishes that both the government and Jones Attorney's Affidavit telling the Court that Jones was never Indicted for§922 was"not true".

3

Mr. Jones argues that the government's response may be reviewed as the government may have included §922 in the Indicment but §922 was not included in the Counts of the Indictment. This ... issue is clearly misleading and could be resolved easly. First when the government filed the Third and Fourth Superceding Indictment the government made error by not adding §922 to each Count just as the government made an error when Indicting Jones codefendants . Here it is clear that the government's charging Indictment included Titles 21 U.S.C. §841,846, 18 U.S.C.§922,and §1956. However the government erred in not including §924 but added §924 in Counts Thirteen and Fourteen. See Exhibits D,E Proving that an error may have occurred in processing the Inditments.

Jones argues that the government may also argue that Even though the Indictments may actually include §922 the Indictment does not establish that Jones was Indicted under"§922(g)(1)". This is also easily answered because in "Every" Indictment filed by the government including Jones's codefendant's Indictment do miss..[ a subsection]of the Statutes . i.e. §922,§924,§841,§846["§922(g)(1), §924(c)(3) or (C)(1)(A), §841(a)(1), §846(a)and (d)"] Exhibits A-C . Wherefore, whether or not section (g)(1) is structured in Jones motion for relief it is the[§922] Jones is arguing his Counsel never fully explained to him compared to [§924] that counsel advised Jones to plea too.

Jones's Counsel had an ethical responsibility to inform his client of all the dangers of pleading to §924 rather than §922. And furthermore, counsel was to explain to Jones the differences of the two statutes. However here Counsel failed to do so before Jones accepted or enter his plea of guilty to §924 at the advise of counsel. Contreras v United States, 2017 U.S. LEXIS 21934(5th Cir.)2018 U.S. Dist. LEXIS 36588( S.D. Tex. Mar.6, 2018).

4

As Mr. Jones has raised in his motion for relief under §2255, he argued that his counsel never told him during any of his discussions the difference of the penalties under subsection 922 and 924 . In fact Mr. Jones asserts that his counsel specifically told him "not to be concerned" because the two statutes are the same as far as possession of a firearm. Wherefore, based on counsels advice Jones agreed to plea guilty to the information that included §924. During sentencing the court inquried about the §924 and asked Jones if he fully understtod and Jones responded with "yes". This inquiry however does not establish nor proves Jones's counsel was [effective assistance ] as the goverment wants the court to construe, to deny Jones releif in its response. Jones's counsel as previously stated advised Jones that "there are no differeces" between the two statutes, with this Jones believed that by entering his plea of guilty to §924 rather than §922 there would be the same outcome. However , counsel's advise and interpitation of the law surounding the federal statutes was wrong. Because under §922 the Maximum that the court could impose was no more than 10 years while §924 carried a more harsh punishment. Furthermore, even though a consecutive sentence was the result of sentencing a 10 year sentence rather than 200 months consecutive sentence would be a difference of 80 months. Wherefore, Jones's argument of a different result would be clear here. Because of counsel's dificient performance had prejudice Jones the Court should vacate set aside or correct sentence in light of counsels worng advice. Lafler v Cooper,132 S.Ct. 1376,182 L.Ed 2d 398(2012).

The government argues that Jones understood. his sentence would be no more than 35 years if the court accepted his plea of guilty . and because the court imposed 35 years Jones has no grounds for argument. The government 's argument must fail, because even though the court could impose a sentence no more than 35 years ,their is the fact left open...

5

that the court could have imposed a "lessor sentence", other than 35 years. The government's pela agreement "did not" include a specific sentence that could be imposed below 35 years. The Agreement only specifies that Jones understood that the sentence would be "no more" than 35 years maximum. If Jones would have been fully aware that there was a difference in the firearm statutes Jones would not have plead to §924 and insisted to only plea to §922. Strickland v Washington, 466 U.S. 668 104 S.Ct.2052 80 L.Ed 2d 674(1984).

Mr. Jones's plea could not have been made voluntary, knowing, and or intelligently. made. due to the misadvice of his counsel. Brady v. United States,397 U.S. 742,748 90 S.Ct. 1463 25 LEd 2d 747(1970). A plea is voluntary if it represents a voluntary and intelligent "Choice" among the alternative choices of action open to the defendant. United States v. Washington,480 F.3d 309,315 (5th Cir 2017). Missouir v Fry, 566 U.S. 134,145,132 S.Ct. 1399,182 L.Ed 2d 379 (212);U.S.v.Rivas-Lopez,678 F.3d. For Mr. Jones to understand the consequences of a guilty plea, Jones must know the maximum prison term of the offense charged. Santos-Sanchez, v. United States,548 F.3d 327,336 (5th Cir 2008). However due to counsel's error and misinterpretation of the law Jones could not have known the consequeses or maximum differences of statutes §922 and §924. Moore v. United States,00-CV-4560,98-CR-833,2001 U.S.Dist.2760(S.D. NY 2001); Hill ,474 U.S. at 59.

The governments response is supported by Jones's counsel's Affidavit. and in counsel's affidavit counsel , counsel cercumvents what Jones is raising in his motion under §2255. stating.....

.."In response to the motion to Vacate under 28 U.S.C. 2255 and the memorandum of law in Support of said motion, I, the undersigned Robert W. Davis,Jr. court-appointed attorney for Derrick Jones, Defendant Petitioner in said cause,hereby deposeth and says:"...........[2]

6

"Jones's main assertion in this regard is that [I] misinformed him of the difference between 18 U.S.C.§922(g) and 18 U.S.C. §924(c) prior to accepting the government's plea. he argues that I did not disclose the firearm being used in furtheracne of a drug trafficking offence[crime]. He states the he believed he was pleading under 18 U.S.C. §922(g) and that any enhancement was under the Guidelines. Lastly, he argues that he believed the maximum imprisonment was ten years as opposed to the mandatory consecutive 924(c) penalites"[sec].

Mr. Jones refutes this part of the affidavit in which his counsel states. First, Jones's motion before the court only raises the grounds that his counsel did not fully disclose the "differences"of 922 and 924 Statutes. And that his counsel worngfully advised him "[T]hat the two statutes were identical and would not make any difference of which statute [922 or924] he plead under because both were for possessing a firearm". Jones argued that his cousnel did not disclose to him that the firearm was in furtherance of a drug trafficking offense crime. Jones believed by his counsels advise that no matter which firearm statute he pled to would .... carry the same penalty. For this reason during sentencing Jones acknowledged the penalty of which 924(c) carried when the court conducted an inquriy of Jones understanding. If Jones would have known the differences of the two statutes he would have insisted to his counsel to plea under 922 rather than 924. ["Counsel was dificient and made plain error for not properly adviseing Jones"].

Secondly ; Jones's counsel's affidavit at [3] states ..."During plea discussions with Jones, the undersigned discussed in detail the penalties involved with 18 U.S.C. §924(c)......I also explained to him that the other charge,being Count One of the Fourth Superceding Indictment,carried a maximum

7

of 30 years. The nature of that conversation was his concern with the consecutive nature of 924(c).....I explained that dispite the consecutive nature of 924(c) charge, the plea agreement included a 35 year cap"

In reply Jones argues that his counsels affidavit does not fully include the discussions with him and his counsel, nor does his counsels affidavit "denies" that of which he raises in hs motion for releif.."that counsel misinformed him that there was[no] difference between 922 and 924". That counsels affidavit further does not state or clarify that counsel had the responsabilty to inform Jones that "even though there was a[Cap] on the over all sentence of 35 years, that by having Jones plea to the firearm under 922 rather than 924 would have resulted in a sentence[less]than 35 years by 80 months". There was no stipulations in the plea agreement that held the court from considering less than 35 years, only that the[maximum]sentence would be...no more than 35 years if the court accepted the plea. Wherefore, counsel was dificient inperformance and prejudice Jones from a better result of sentencing.

In Counsel's affidavit at [5] counsel asserts that ..."I do not ever recall having a conversation with Jones concerning 18 U.S.C. §922(g), because he was [never charged] with that crime." As Jones pointed out previously in every"Indictment presented to the grand jury" included in its heading that the government argued before the grand jury that Jones had violated 18 U.S.C. §§922,924. Exhibits A-C. Jones Argues that his counsel was fully aware of the inclusions of theses statutes in the Indictments and this is what was discussed with him by counsel. Whether a mistake or misunderstanding the indictments prove that both federal firearm statutes were charged by the government before , Jones accepted a plea to a seperate"information " under §924.

8

Jones argues that there is nothing on the record that can clarify his dicussions with counsel off the record prior to accepting his plea. And because there is a disputed fact that cannot be established by way of the record, and because Jones's refutes his counsel's affidavit with his own affidavit [hereto attached] Jones should be entitled to a evidentiary hearing, to fully aruge his claim of Ineffective Assistenc of Counsel.

Jone's counsel's affidavit shows counsel includes the possibilities of "uncertainty" with "dont ever recall" having a conversation with Jones. This Affidavit was written almost two years after Jones was sentenced and Three years since Jones Indictmets . So Jones asserts that counsel not only represented hundreds of other defendants since discussing his case with him but that counsel could not fully advise this court of those things discussed during the course of proceeding "now", unless counsel"recorded"his discussions in detail with Jones. Which Jones asserts is highly unlikely but if counsel did record his meetings with him, Counsel should have made it clear through his affidavit and presented it to the court. Wherefore, because counsel did not present any supporting evidence, Jones request a hearing to fully dipose his counsels reculations with his own facts. Wherefore ,Jones respectfully request the court grant him a hearing .

Mr. Jones's plea agreement with the goverment stipulates and the government conceeds in their response , that does not bar Jones from post conviction motion under §2255 for a calim under "Ineffective Assistance of Counsel". Wherefore, the government can'nt now argue that Jones "waived his appeal or post conviction rights " under his claim before this court, as the government now wants this Honorable court to do and overlook. Jones has supported his claim of ineffective assistance of counsel that should warrant at the very least an evedentiary hearing and prays this court would so Order it.

9

[Jones did not waive his Constitutional Right to file a post conviction motion due to having a calim of Ineffective assistance of cousnel].

## Conclusion

Therefore, for all the reasons so stated, Jones has given a prima facie showing that he recieved ineffective assistance of counsel , and but for counsel's dificient performance the result would have been different and that both prongs of Strickland v. Washington has been satisfied due to his counsels error and prejudice to the outcome of his defense proceedings. A hearing should be granted in the matter. SO ITS PRAYED for such an Order.

Respectfully Submitted,

Derrick Jones

## Certificate of Service

A true and correct copy of the forgoing document was mailed to the United States District Court Clerks office located at 305 Main Street Room 329 Greenville, MS 38701 on this 12 day of February 2019

Respectfully,

Derrick Jones #12927-042
FCI Memphis
P.O. BOX 34550
Memphis, TN 38184-0550

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA )
        Respondant, )
V. )
                            Case No. 4:15CR-73-BMB
 )
DERRICK JONES
        Petitioner, )

PETITIONER'S EXHIBIT/ATTACHMENTS

A.....................Original Inditment dimissed by government

B..................... Fourth Superceding Indictment

C.....................Third Superceding Indictment

D.....................Codefendant's Indictment

E..................... Counts of Codefendant's Indictment

*This was my 1st indictment*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

FILED
JUN 29 2015
DAVID CREWS, CLERK
BY _____ Deputy

UNITED STATES OF AMERICA

v.

DERRICK JONES, a/k/a, "D-Caine"

CRIMINAL NO: 4:15 CR075

21 U.S.C. § 841

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about January 28, 2015, in the Northern District of Mississippi, the defendant DERRICK JONES, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

### COUNT TWO

On or about February 9, 2015, in the Northern District of Mississippi, the defendant DERRICK JONES, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

### COUNT THREE

On or about February 19, 2015, in the Northern District of Mississippi, the defendant DERRICK JONES, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance as

Exhibit A-

*This was the fourth one that didn't have me charged with the 924c me*

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

AUG 3 1 2016

DAVID CREWS, CLERK
BY_____ Deputy

UNITED STATES OF AMERICA

v.

DERRICK JONES, a/k/a, "Dcaine", "D"
STEVEN HAYNES, a/k/a, "Papoo", "Pap"
CRAIG HAYNES, a/k/a, "Pint"
TALISA SHIVERS, a/k/a, "Talisa Morris"
SIDNEY AVANT III, a/k/a, "Bubba"
SIDNEY AVANT, JR., a/k/a, "Buddy"

CRIMINAL NO: 4:15CR73
21 U.S.C. § 841
21 U.S.C. § 846
18 U.S.C. § 922
18 U.S.C. § 924 ?
18 U.S.C. § 1512
18 U.S.C. § 1513
18 U.S.C. § 1956

## FOURTH SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT ONE

Conspiracy to Possess with Intent to Distribute Heroin
[21 U.S.C. § 846]

#### Introduction

1. At various times relevant to this Indictment, the defendants and others, known and unknown, conspired to engage in narcotics distribution, money laundering, and acts of violence involving murder in Clarksdale, Coahoma County, Mississippi, including the Northern District of Mississippi and elsewhere.

#### The Conspiracy

2. Beginning on a date unknown to the Grand Jury, but on or about January 2014, and continuing until June 2015, in the Northern District of Mississippi and elsewhere, the defendants, STEVEN HAYNES, a/k/a, "Papoo", "Pap", DERRICK JONES, a/k/a, "Dcaine", "D", CRAIG HAYNES, a/k/a, "Pint", and TALISA SHIVERS, a/k/a, "Talisa Morris", did unlawfully, knowingly and intentionally combine, conspire, and agree with each other, and

Exhibit B

*This was the third superseded indictment was brought in*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**FILED**
MAY 2 3 2016
DAVID CREWS, CLERK
BY _____ (Deputy)

UNITED STATES OF AMERICA

v.

DERRICK JONES, a/k/a, "Dcaine", "D"
STEVEN HAYNES, a/k/a, "Papoo", "Pap"
CRAIG HAYNES, a/k/a, "Pint"
TALISA SHIVERS, a/k/a, "Talisa Morris"

CRIMINAL NO: 4:15CR73
21 U.S.C. § 841
21 U.S.C. § 846
(18 U.S.C. § 922) ✱
(18 U.S.C. § 924) ✱
18 U.S.C. § 1512
18 U.S.C. § 1956

## THIRD SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT ONE

Conspiracy to Possess with Intent to Distribute Heroin and Cocaine
[21 U.S.C. § 846]

#### Introduction

1. At various times relevant to this Indictment, the defendants and others, known and unknown, conspired to engage in narcotics distribution, money laundering, and acts of violence involving murder in Clarksdale, Coahoma County, Mississippi, including the Northern District of Mississippi and elsewhere.

#### The Conspiracy

2. Beginning on a date unknown to the Grand Jury, but on or about January 2014, and continuing until June 2015, in the Northern District of Mississippi and elsewhere, the defendants, STEVEN HAYNES, a/k/a, "Papoo", "Pap", DERRICK JONES, a/k/a, "Dcaine", "D", CRAIG HAYNES, a/k/a, "Pint", and TALISA SHIVERS, a/k/a, "Talisa Morris", did

*Exhibit C*

*This was my codefendant indictment and I wasn't indicted with them*

**FILED**
JUN 26 2015
DAVID CREWS, CLERK
BY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.

CRIMINAL NO: 4:15 CR073

STEVEN HAYNES, a/k/a, "Papoo", "Pap"
OCTAVIOUS CONNER, a/k/a, "Tay Tay"
ANTONIO LEWIS, a/k/a, "Pokey"
REGINALD MURRAY, a/k/a, "Shorty Red"
CORDARELL JOHNSON, a/k/a, "Black"
FRANK WILLIAMS, a/k/a, "Fat Daddy", "Fats"
CRAIG HAYNES, a/k/a, "Pint"

21 U.S.C. § 841
21 U.S.C. § 846
18 U.S.C. § 922
18 U.S.C. § 1956

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**

**Conspiracy to Distribute Heroin**
**21 U.S.C. § 846**

Beginning at a date unknown, but on or about January 2014, and continuing until June 2015, in the Northern District of Mississippi and elsewhere, the defendants, STEVEN HAYNES, a/k/a, "Papoo", "Pap", OCTAVIOUS CONNER, a/k/a, "Tay Tay", ANTONIO LEWIS, a/k/a, "Pokey", REGINALD MURRAY, a/k/a, "Shorty Red", CORDARELL JOHNSON, a/k/a, "Black", FRANK WILLIAMS, a/k/a, "Fat Daddy", "Fats", and CRAIG HAYNES, a/k/a, "Pint" did knowingly and willfully combine, conspire, and agree with each other, and persons both known and unknown to the Grand Jury, to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and 846.

*Exhibit D*

and ANTONIO LEWIS, a/k/a, "Pokey" being aided and abetted each by the other, together with others known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and Title 18, United States Code, Section 2, the use of which resulted in the death of Travis Lawrence on or about January 22, 2015.

## COUNT ELEVEN

On or about January 30, 2015, in the Northern District of Mississippi, the defendant ANTONIO LEWIS, a/k/a, "Pokey" did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT TWELVE

On or about January 30, 2015, in the Northern District of Mississippi, the defendant ANTONIO LEWIS, a/k/a, "Pokey", having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess, in and affecting commerce, a firearm, specifically a Jimenez Arms, Model JA22, .22 caliber, semi-automatic pistol, S/N #1142781, all in violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2).

## COUNT THIRTEEN

On or about January 30, 2015, in the Northern District of Mississippi, the defendant, ANTONIO LEWIS, a/k/a, "Pokey", during and in relation to a drug trafficking crime, that is

8

*Exhibit E*

possessing with the intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I substance, in violation of Title 21, United States Code, Section 841(a)(1), did unlawfully, knowingly, and intentionally and in furtherance of this crime possess a firearm, a Jimenez Arms, Model JA22, .22 caliber, semi-automatic pistol, S/N #1142781, all in violation of Title 18, United States Code, 924(c)(1)(A)(i).

## COUNT FOURTEEN

On or about January 30, 2015, in the Northern District of Mississippi, the defendant FRANK WILLIAMS, a/k/a, "Fat Daddy", "Fats", having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce, a firearm, specifically a Smith & Wesson, model: SD40VE, .40 caliber semi-automatic pistol, serial #HEE0589, all in violation of Title 18, United States Code, Section 922 (g)(1) and 924(a)(2).

## COUNT FIFTEEN

On or about February 11, 2015, in the Northern District of Mississippi, the defendant CORDARELL JOHNSON, a/k/a, "Black" did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT SIXTEEN

On or about February 12, 2015, in the Northern District of Mississippi, the defendant CORDARELL JOHNSON, a/k/a, "Black" did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled

AFFIDAVIT

I Derrick Jones, state the following as to be true and correct to the best of my ability under the penalty of perjury pursuant to Title 28 U.S.C. §1746.

That in 2016 and after I was indicted by a grand jury sitting in the Northenr District of Mississippi , and after being Indicted i was appointed counsel Robert W. Davis to represent me . That in each Indictment i was named in along with my codefendants had identified federal statutes that i and other s had alledgedly violated including 18 U.S.C. §922 and §924. That during my discussions with my counsel i had asked my counsel about explaining to me the differences of both Firearm Statutes. In Reply my Counsel would only tell me that they were both federal friearm statutes and were basically the same relating to other charges listed in the Indictment against me . In 2017 after being Superceded Four times my counsel approached me with a plea offer from the government , I never instructed my counsel to offer my plea to the government. After reviewing the plea with my counsel ,i had again asked my counsel about the differences of pleading to either §922 or §924 and counsel advised me that there was no differences and that by pleading guilty to 924 would not change anything if i accepted to plea to 924 because the plea offer had a 35 year cap.

At no time did counsel advise me that 922 could carry a lessor penitly and the possibilty of recieving a sentnce less than 35 years. I did not know the difference of the federal statutes and was therefore left at my counsels understanding of the federal law at the time . Trusting my counsel's advise i accepted the government's plea offer to the information under §924 and with that understanding i answered to the courts inquiry of what i plead.

The forgoing is ture and correct to the best of my ability under the penalty of perjury pursuant to Title 28 U.S.C. §1746.

Signed to and before a witness on this _12_ day of _Feb_ 2019

*[signature]*
Derrick Jones# 12927-042

_____
Witness Signiture and Title:

*[signature]*, CASE MANAGER,
AUTHORIZED BY THE ACT OF JULY 7,
1955, AS AMENDED TO ADMINISTER
OATHS (18 USC 4004)



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Correctional Institution*
*Memphis, TN 38134*

MEMORANDUM FOR    ALL CONCERNED

FROM:             T. Kerby, Case Manager

SUBJECT:          Administering Oaths and Acknowledgments


While state and local laws may often refer only to a **notary public** (or similar officials) because they are the only officials authorized by *state law* to administer oaths and witness signatures, **Federal law also authorizes certain Bureau officials to perform such functions in Federal prisons.**

Title 18 U.S.C. § 4004 provides:

> **"The wardens and superintendents, associate wardens and superintendents, chief clerks, and record clerks, of Federal penal or correctional institutions, may administer oaths to and take acknowledgments of officers, employees, and inmates of such institutions, but shall not demand or accept any fee or compensation therefor."** (Pursuant to Program Statement 1315.07. institution Case Managers are considered to be chief clerks.)

The following shall be the wording of the stamps used to administer oaths and witness signatures:

> T. Kerby         , Case Manager         , Authorized by the Act of July 7, 1955, as amended, to administer oaths (18 U.S.C. § 4004).


The witnessing of a person's signature in no way is a representation by the witness as to the validity of the material or its contents, but is an indication that the document has been signed by the individual whose signature appears thereon.

Each person issued a stamp is responsible for its control and safekeeping, so it will not be available to unauthorized persons.