IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.   NO. 4:15-CR-73-10

DERRICK JONES

**ORDER**

Imhotep Alkebu-lan, who recently entered an appearance as counsel for Derrick Jones, moves for an order authorizing the disclosure of the presentence report to him. For the reasons explained below, the request will be denied.

**I**
**Relevant Procedural History**

On May 23, 2016, the government filed a Third Superseding Indictment in this case charging Derrick Jones and three others with various crimes related to a drug distribution conspiracy in and around Coahoma County, Mississippi. Doc. #236. Following his arrest on June 9, 2016, the Court appointed the Federal Public Defender to represent Jones. Doc. #244, #247. Later that day, due to a potential conflict of interest of the Federal Public Defender, Robert W. Davis, Jr., was appointed as counsel of record for Jones in substitution of the Federal Public Defender. Doc. #246.

The government filed a Fourth Superseding Indictment on August 31, 2016, naming Jones and five others. Doc. #310. As to Jones, the Fourth Superseding Indictment charged a total of six counts: one count of conspiracy to possess heroin with intent to distribute, involving overt acts including murder (Count One); two counts of conspiracy to murder a witness (Counts Two and Three); and three counts of distribution of heroin (Counts Ten, Eleven, and Twelve). *Id.* at 1–13. On July 20, 2017, Jones, pursuant to a written plea agreement with the government, pled guilty to

Count One of the Fourth Superseding Indictment, and waived indictment and pled guilty to Count One of an Information charging him with causing the death of a person while possessing a firearm[1] in furtherance of a drug offense.[2] Doc. #584 at 1–2; Doc. #592. At his sentencing hearing on March 8, 2018, Jones confirmed that he had read and reviewed the presentence report and its addendum, and discussed them with his counsel Davis. Doc. #749 at 5. This Court sentenced Jones to a total of 400 months of imprisonment—200 months on Count One of the Fourth Superseding Indictment and 200 months on Count One of the Information, to run consecutively.[3] Doc. #751 at PageID 2919.[4] The presentence report was filed under seal the next day.[5] Doc. #736.

On September 8, 2023, approximately five years after this Court sentenced Jones, Imhotep Alkebu-lan filed a "Notice of Appearance" identifying himself "as an attorney of record for [Jones]." Doc. #870 at 1. Then on October 13, 2023, Alkebu-lan filed a "Motion to Disclose the Presentence Report" seeking "an Order permitting the Disclosure of the Pre-sentencing Report to [him as Jones'] counsel of record."[6] Doc. #871 at 2. Alkebu-lan represents that such relief is requested "in anticipation of a motion for a modification of an imposed term of imprisonment

---

[1] Jones admitted that he murdered three individuals. Doc. #581 at 19–20; Doc. #749 at 40–42.

[2] In the plea agreement, Jones "waive[d] any and all rights to appeal the conviction and/or sentence imposed in this case … except to claims relating to prosecutorial misconduct or ineffective assistance of counsel relating to the validity of the waiver of appeal or the validity of the guilty plea itself" and also "waive[d] all rights to contest or collaterally attack the conviction and/or sentence, and the manner in which sentence was imposed, in any post-conviction proceeding … except to claims relating to prosecutorial misconduct or ineffective assistance of counsel relating to the validity of the waiver of appeal or the validity of the guilty plea itself." Doc. #584 at 3.

[3] On motion of the government pursuant to the plea agreement, the Court dismissed all remaining counts against Jones in the Third Superseding Indictment and the Fourth Superseding Indictment. Doc. #741 at 1; Doc. #584 at 1.

[4] A judgment was entered March 16, 2018. Doc. #741. An amended judgment was entered April 11, 2018, to correct a clerical error. Doc. #751 at PageID 2918.

[5] Jones subsequently filed a motion to vacate under 28 U.S.C. § 2255, which the Court denied on October 8, 2019. Doc. #813.

[6] In violation of Local Rule 47(A), the motion does not state whether Jones' counsel conferred with the government's counsel regarding the motion or whether the requested relief is opposed. U.L. Crim. R. 47(A). Failure to comply with Local Rule 47(A) "may be deemed sufficient grounds for denying the motion." *Id.*

under 18 U.S.C. § 3582(c)(1)(A)(i) or any other applicable statute or law." *Id.* The government did not respond to the motion.

## II
## Discussion

Federal Rule of Criminal Procedure 32(e) and 18 U.S.C. § 3552(d) require disclosure of the presentence report to a defendant and his attorney in advance of sentencing.[7] But after the imposition of sentence, disclosure of the presentence report is within the discretion of the Court. *See United States v. Bernstein*, 546 F.2d 109, 110 (5th Cir. 1977); *United States v. Lewis*, 743 F.2d 1127, 1129 (5th Cir. 1984). Disclosure of the presentence report to new counsel after a sentence has been imposed is not required where prior defense counsel is available for consultation with new defense counsel or where the defendant can "recall the essence of the report." *Lewis*, 743 F.2d at 1129.

As Jones confirmed at his sentencing hearing, he and his counsel Davis reviewed the presentence report before Jones was sentenced.[8] Doc. #749 at 5. Alkebu-lan does not state in the motion that Davis is unavailable[9] or that Jones is unable to recall the presentence report. *See generally* Doc. #871. Moreover, there is no pending § 3582(c) motion. While Alkebu-lan requests the presentence report be disclosed to him in anticipation of such a motion (or some "other" motion),[10] given the nature of Jones' crimes, the circumstances surrounding Jones' crimes, the

---

[7] Rule 32(e)(2) requires the probation officer to "give the presentence report to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing unless the defendant waives this minimum period." Section 3552(d) provides that "[t]he court shall assure that a report filed pursuant to this section is disclosed to the defendant, the counsel for the defendant, and the attorney for the Government at least ten days prior to the date set for sentencing, unless this minimum period is waived by the defendant."

[8] Jones, through his counsel Davis, filed "Defendant Derrick Jones' Objections to the Presentence Investigation Report" before his sentencing hearing. *See* Docs. #694, #734.

[9] The docket still reflects Davis as Jones' counsel of record.

[10] Doc. #871 at 2.

absence of anything on the record by Jones indicating he retained Alkebu-lan to pursue such a motion or consents to the presentence report being disclosed to him, and the fact that the presentence report is filed under seal, the Court requires more to justify the requested disclosure. So the Court, in its discretion, declines to authorize disclosure of the presentence report to Alkebu-lan. *See Bernstein*, 546 F.2d at 110 ("It was not error to refuse to disclose the presentencing report to new counsel *after* sentence had been imposed" when "[prior] counsel was permitted to inspect the presentence report.") (emphasis in original); *Lewis*, 743 F.2d at 1129 ("The district court … acted within its discretion in refusing to order disclosure" to new counsel filing a motion to reduce sentence absent allegations that prior counsel is unavailable or that the defendant could not recall or understand the report.).

### III
### Conclusion

The "Motion to Disclose the Presentence Report" [871] is **DENIED**.

**SO ORDERED**, this 8th day of December, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**