IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 4:15-CR-73-10

DERRICK JONES

**ORDER**

On September 8, 2023, approximately five years after this Court sentenced Derrick Jones, Imhotep Alkebu-lan filed a "Notice of Appearance" identifying himself "as an attorney of record for [Jones]." Doc. #870 at 1. On December 8, 2023, the Court denied Alkebu-lan's motion for "an Order permitting the Disclosure of the Pre-sentencing Report to [him as Jones'] counsel of record" (which Alkebu-lan represented was "in anticipation of a motion for a modification of an imposed term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i) or any other applicable statute or law") because (1) Alkebu-lan did not state in the motion that Jones' counsel of record since June 9, 2016, Robert Davis, was unavailable or that Jones was unable to recall the presentence report; (2) there is no pending § 3582(c) motion; (3) there is nothing on the record by Jones indicating he retained Alkebu-lan to pursue such a motion or consents to the presentence report being disclosed to him; (4) the presentence report is filed under seal; and (5) the Court requires more given the nature of Jones' crimes and the circumstances surrounding Jones' crimes. Doc. #872 at 2–4.

On December 13, 2023, Alkebu-lan filed a "Motion for the Court to Order Defendant's Prior Counsel to Disclose the Pre-Sentence Investigative Report to Defendant's Present Counsel," referencing himself as "present counsel" and Davis as "prior counsel."[1] Doc. #873. As cause,

---

[1] This motion, like Alkebu-lan's first motion, violates Local Rule 47(A).

Alkebu-lan represents:

> Jones has requested his prior counsel disclose the PSI report to [Alkebu-lan]. Davis responded that he could not disclose the report provided to him under seal. He is strictly ordered not to give them to his client or show them to a third party. And based on his understanding of the Court's directives, he cannot release them to anyone without an order allowing him to do so.
>
> Davis is unavailable believe [sic] he believes he can not release the report to anyone without an order allowing him to do so. The Defendant requests the Court issue an Order ordering Jones' prior counsel … to disclose the Pre-Sentence Investigative Report to Jones' present … counsel.
>
> This request is made in preparation of a motion for a modification of an imposed term of imprisonment under 18 U.S.C. §3582(c)(1)(A)(i) or any other applicable statute or law.

*Id.* at 2–3 (paragraph numbering omitted).[2]

Beyond representing that "Davis is unavailable," Alkebu-lan fails to address the other reasons the Court articulated in its December 8 order denying his first motion asking the presentence report to be disclosed to him and he cites no authority in support of the relief he seeks. *See generally id.* More, Alkebu-lan does not explain why the presentence report is necessary for a § 3582(c) motion (or for any motion under "any other applicable statute or law") on Jones' behalf, *id.* at 2–3, and no such motion still has yet to be filed. Consequently,[3] the "Motion for the Court to Order Defendant's Prior Counsel to Disclose the Pre-Sentence Investigative Report to

---

[2] Davis responded the same day that

> [w]hile [he] has not been contacted directly by Mr. Jones, Mr. Alkebu-lan has made the above referenced request via email on Mr. Jones's behalf. [He] does indeed take the position that he is not permitted to give a copy of the Presentence Investigation Report to [Jones], to Mr. Alkebu-lan, or to any other third party without express written leave of the Court. [He] also takes the position that he may not discuss the contents of the Presentence Investigation Report with Mr. Alkebu-lan, or with any other third party, without express written leave of the Court. Consequently, [he] respectfully declined to provide a copy of the report to either Mr. Jones, or to Mr. Alkebu-lan. Further, [he] respectfully declined to discuss the contents of the report with Mr. Alkebu-lan.

Doc. #874 at 1–2.

[3] In this multi-defendant case in which Jones was one of ten defendants charged, the Court is also mindful of the reasons underlying the December 7, 2015, protective order.

Defendant's Present Counsel" [873] is **DENIED**.

    **SO ORDERED**, this 2nd day of January, 2024.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**
