**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

| | |
|---|---|
| **DERRICK JONES** | **MOVANT** |
| **V.** | **NO. 4:15-CR-73-10** |
| **UNITED STATES OF AMERICA** | **RESPONDENT** |

# ORDER TRANSFERRING CASE TO FIFTH CIRCUIT

On October 8, 2019, the Court denied Derrick Jones' 28 U.S.C. § 2255 motion to set aside his consecutive sentences for conspiring to possess with intent to distribute heroin and for causing the death of a person while possessing a firearm in furtherance of a drug offense, rejecting Jones' arguments that the residual clause of 18 U.S.C. § 924(c) had been invalidated and that his counsel rendered ineffective assistance. Doc. #813 at 8–10. On June 25, 2025, the Fifth Circuit denied Jones authorization to file a second or successive § 2255 motion to challenge the consecutive aspect of his sentences, finding that Jones' second § 2255 motion filed February 5, 2024, "failed to show that *Lora*[ *v. United States*, 599 U.S. 453 (2023),] provides a basis for authorization." Doc. #904 at 2.

On August 31, 2026, Jones filed another § 2255 motion asserting two grounds for relief: (1) "Section 924(j) sentence imposed as mandatorily consecutive (Lora);" and (2) "Conditional Barrett claim concerning separate Sections 924(c) and 924(j) convictions or punishments." Doc. #906 at PageID 3676, 3677.[1] Since this is at least the third § 2255 motion filed by Jones, § 2255 mandates that it "must be certified as provided in section 2244 by [the Fifth Circuit] to contain:

[1] For the first fourteen pages of his motion, Jones completed the form "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." Doc. #906 at PageID 3673–85. The remainder of the motion is a typed memorandum. *Id.* at PageID 3686–98.

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1)-(2). Until the Fifth Circuit authorizes Jones to proceed with his present § 2255 motion, this Court lacks jurisdiction over it.[2] Rather than dismiss his present motion for that reason, in the interest of justice and judicial economy, this Court will transfer it to the Fifth Circuit for consideration for certification in accordance with § 2255(h). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (per curiam) ("The district court has transferred the habeas petition to this court for a determination whether the successive petition should be allowed.") (citing 28 U.S.C. §§ 2244(a) and (b)(3)(C)); *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) ("[A] district court may dispose of applications lacking authorization through dismissal" for lack of jurisdiction or, "[a]lternatively, [pursuant to 28 U.S.C. § 1631], a district court may transfer a petition lacking authorization to [the Fifth Circuit] upon a finding that the petition is successive"). So, Jones' present § 2255 motion [906] and the entire record in this case is **TRANSFERRED** to the Fifth Circuit for it to determine whether to grant Jones authorization to proceed with his third § 2255 motion. This case is **CLOSED**.

**SO ORDERED**, this 4th day of September, 2026.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

[2] 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive [habeas petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section "2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [such court of appeals] has granted the petitioner permission to file one." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (quoting *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)).